Attorneys—Shotts & Millikin, for Company; Andrews, Andrews and ogers, for Ratliff; all of Hamilton.

No. 350

OHIO SAVINGS BANK v. KIENLE, Admr.
Ohio Appeals, 6th Dist., Lucas Co.
No. 1513. Decided Jan. 19, 1925.

**587. GUARANTEE—By bank, made as to the transmission of money to foreign country during war, cannot be avoided on ground that such conditions made delivery more burdensome and difficult.**

CHITTENDEN, J.

John Kienle, as administrator of the estate of William Koelker, brought an action in the Lucas Common Pleas against the Ohio Savings Bank & Trust Co. to recover judgment for $2,028.15 with interest thereon from Feb. 28, 1917. He alleges that $2,024 was deposited in the bank to which the bank guaranteed transmission to one, Johanna Koelker, in Germany. He alleges that the bank failed and neglected to transmit said amount and asks for judgment in the sum deposited with interest.

The bank admitted that Koelker purchased from their foreign exchange department 11,000 marks to be delivered to Koelker in Germany. It alleged that 11,000 marks were immediately transmitted by wireless, and any delay in delivery was due to the exigencies of war and matters over which the defendant had no control and was in no way responsible. It alleged further that upon learning of the fact that the money was not delivered, if offered to return the marks to the estate of Koelker; this was some time in 1920. In Sept. 1920 the bank claims it paid to Johanna Koelker 11,000 marks. A jury was waived and the trial court rendered a judgment in favor of Kienle for the full amount deposited with the bank in 1917, with interest, less the value of the 11,000 marks at the time they were delivered to Johanna in Germany which was $253.60.

The bank prosecuted error to the Lucas Appeals, claiming that the order transmitted requesting payment to Johanna in 1917, reached Germany, but was destroyed by some unknown agency. War conditions prevented full investigation until 1920, when a personal representative collected all the facts. The value of the mark, meanwhile, depreciated greatly in value. The Court of Appeals held:

1. The guarantee to deliver had been made by the bank with full knowledge of war conditions, and in order to be excused of said conditions it must be shown that there was such direct intervention by armies or governmental mandate as to prevent performance.

2. It is not enough to show that war conditions made performance more burdensome or more difficult. Indemnity Co. v. Commissioners 107 OS. 51.

3. The guaranty of the bank cannot be avoided, because of the fact that an error was made by some one in the course of transmission of the 11,000 marks.

Attorneys—Tracy, Chapman & Welles for Bank; C. A. Thatcher & C. A. Meck for Kienle; all of Toledo.