Com. Error to Commission. Order affirmed. Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur. Dock. 8-13-24, 2 Abs. 498.

18766. W. G. Richards v Charles Stratton. Error to Highland Appeals. Judgment reversed. Marshall, C. J., Jones, Matthias, Day, Allen, Robinson, JJ., concur. Kinkade took no part in the case. Dock. 8-23-24, 2 Abs. 531.

19039. State ex Cherrington, Pros. Atty. v. John C. Hutsinpiller. In Quo Warranto. Judgment of Ouster. Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur. Kinkade, J., took no part in the case. Dock. 3-25-24, 3 Abs. 214.

## MOTION DOCKET
### FRIDAY, APRIL 24, 1925.

19070. Jason Adkins v. State. Motion to file pet. err. to Scioto Appeals. Overruled. Dock. 4-3-25. 3 Abs. 233.

### TUESDAY, APRIL 28, 1925

18933. Louisville & Nashville Rd. Co. v. Dora E. Green, Admrx. Motion to Hamilton Appeals to certify. Allowed. Dock. 2-2-25. 3 Abs. 82; OS. Pend. 3 Abs. 166

18985. Martin Knudson v. State. Motion to file pet. err. to Wood Appeals. Overruled. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18985. Martin Knudson v. State. Motion to Wood Appeals to certify Overruled. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18985. Martin Knudson v. State. Motion to dismiss pet. err. filed as of right. Dismissed. Dock. 2-28-25. 3 Abs. 146. OS. Pend. 3 Abs. 105.

18990. Frank D. Foti v. John Lewis, etc. Motion to Summit Appeals to certify. Overruled Dock. 3-2-25. 3 Abs. 146. OA. 3 Abs. 69.

18990. Frank D. Foti, etc. v. John Lewis, Admr. Motion to strike motion to certify from files. Overruled. OA. 3 Abs. 69. Dock. 3-2-25. 3 Abs. 146.

18992. H. H. Emmons v. Mack Hopkins. Motion to Stark Appeals to certify. Overruled. Dock. 3-2-25. 3 Abs. 146. OS. Pend. 3 Abs. 215.

18994. James McKee Robinson, etc., v. J. J. Robinson et. Motion to Putnam Appeals to certify. Allowed. OA. 3 Abs. 226. Dock. 3-3-25. 3 Abs. 146.

18997. Cleveland Structural Steel Co. v. John Borowiak. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-6-25. 3 Abs. 162.

18998. Ohio Savings Bank & Trust Co. v. John C. Kienle, Admr. Motion to Lucas Appeals to certify. Overruled. Dock. 3-6-25. 3 Abs. 162; OA. 3 Abs. 230.

19003. Colonial-Taylor Imp. Co. v. Harry Barnett et al. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-7-25. 3 Abs. 162. OS. Pend. 3 Abs. 218.

19004. David Hoffman v. Albert E. Dudley. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-7-25, 3 Abs. 162.

19004. David Hoffman v. Albert E. Dudley. Motion to strike motion to certify from files. Overruled. Dock. 3-7-25. 3 Abs. 162.

19021. William Howard v. Ida Howard. Motion to Cuyahoga Appeals to certify. Overruled. Dock. 3-16-25, 3 Abs. 184.

19031. William Howard v. Ida Howard. Motion to file to certify out of rule. Allowed. Dock. 3-16-25, 3 Abs. 184.

19032. Blanche L. Hunter v. State. Motion to file pet. err. to Montgomery Appeals. Overruled. Dock 3-20-25, 3 Abs. 198.

---

## Abstracts of Last Week's SUPREME COURT OPINIONS

### No. 433
### SYLLABI

No. 18518—E. E. Drew v. Edward J. Gross. Error to the Court of Appeals, Seneca County.

622. HORSES—Liability of owner of for negligence in turning into defectively fenced field, from which strayed, into highway and collided with auto; question for jury.

ALLEN, J.

1. The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned.

2. It is a question of fact for the jury whether an owner of horses who turns them loose unattended into a field adjacent to a much-travelled highway in the night time, the fence of which field is in such defective condition that the horses may easily stray out onto the highway, could have anticipated that one of the horses would stray out onto the highway and collide with an automobile thereon.

Judgment reversed and cause remanded.

Marshall, C. J., Matthias, Day, Robinson and Kinkade, JJ., concur.

No. 18755—Red Ball Transit Company v. Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

1192. TRANSPORTATION—Individual operation does not entitle corporation subsequently organized by him, to certificate of convenience.

ROBINSON, J.

Operation prior to April 28, 1923, by an individual does not inure to the benefit of a corporation thereafter, or at that time, organized by him, so as to entitle it to a certificate of convenience and necessity, as a matter of right upon affidavit.

Order affirmed.

Jones, Matthias, Allen and Kinkade, JJ., concur.

---

### No. 434

No. 18766—W. G. Richards v. Charles Stratton. Error to the Court of Appeals of Highland County.

829. NEGLIGENCE—1. Agent who undertakes particular work for another liable for injury to him.

2. Pedestrian going unknowingly through an unsafe alley, instead of by a longer sidewalk, does not contribute to injury.

3. In action for damages for violation of an ordinance, it must be plead and proven.

MATTHIAS, J.

1. One who, though an agent of another, undertakes and enters upon a particular work is required to exercise ordinary care in the manner of executing it and if he negligently injures another is liable for the damage sustained.

2. A pedestrian cannot be charged with contributory negligence in going through a public alley of a municipality which is in an unsafe condition instead of taking a longer but safer course over the sidewalk to reach his destination, if he has no knowledge of the conditions which render such alley unsafe for travel.

3. In an action for damages predicated upon the claimed violation of a municipal ordinance,